St. Louis, Iron Mountain and Southern Railroad Company v. Hagan.

St. Louis, Iron Mountain & Southern R. R. Co. v. Hagan.

1. Railroads: *Negligence: When presumed.*
    When stock is killed by a railroad train, negligence is presumed against the company until excused or disproved. (For the facts constituting the excuse in this case, see the opinion.—Rep.)

St. Louis, Iron Mountain and Southern Railroad Company v. Hagan.

2. SAME: *Stock found wounded near track: Presumption.*

The fact that stock is found near a railroad, wounded, creates no presumption that the injury was done by the railroad train, as in cases of killing or mortally wounding stock; but when it is proved that the injury was done by the train, then the same presumption of negligence arises against the company as in cases of killing.

3. DAMAGES: *Practice of the court when excessive.*

When juries give excessive damages against a railroad company for killing stock, the court should compel the plaintiff to enter a remittitur or submit to a new trial.

APPEAL from *Pulaski* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.

*Dodge & Johnson* for appellants.

1. The statutory presumption of negligence arises only in case of *killing* or *mortally wounding* stock, and does not apply to the mere wounding of stock. In the latter case there should be evidence of *negligence* on part of the company or its agents. (*Sec. 8, Acts 1875, p. 134.*) The act only applies to animals *killed* or by fair intendment to those wounded unto death. Citing *33 Ark., 816; 37 Ark., 571; 36 Ib., 87; 36 Ib., 455, 651; 38 Ib., 205; 37 Ib., 697; 39 Ib., 414.*

2. As to the mule, the *prima facie* case was effectually and completely overcome, and the verdict was directly contrary to the instructions of the court. *36 Ark., 451; Ib., 87.*

3. The verdict was excessive. The jury found the *full value* of the mare, when she was only wounded.

*George L. Basham* and *Clark & Williams* for appellee.

There is no explanatory testimony as to the injury to the mare, and the statute makes the company liable for her value. *33 Ark., 816.*

St. Louis, Iron Mountain and Southern Railroad Company v. Hagan.

The killing of the mule falls within the rule of *L. R. & F. S. Ry. v. Finley*, *37 Ark., 562* and *Ry. v. Jones, MS.*

The instructions were correct (see cases *supra*), and the damages not excessive.

No proof being adduced as to the sheep and ox, the statutory presumption of negligence arises.

1. RAIL-
ROADS:
Negligence
in killing
stock.

SMITH, J. Hagan obtained a judgment against the railway company for $391 damages on account of the killing by its trains of one mule, one ox, two sheep, and the wounding of a mare and cow. Of its liability for the value of the ox and sheep, no question is made. They were killed on the railroad track. The burden under the statute was upon the company to show due care in the operation of its trains. And, since no attempt was made to do this, the *prima facie* case became conclusive.

The mule was killed in daylight by a passenger train. But the defendant claimed that it was unavoidable. The track was straight for a considerable distance at the place where the accident occurred; the surrounding country was level and clear of bushes or other obstruction to the view. The locomotive engineer swore that he saw the animal one hundred and fifty yards ahead. It was not then upon the track, but was approaching the track. The alarm whistle was not sounded until the mule got upon the track, nor was any effort made to stop or check the speed of the train, although the engineer had atmospheric brakes at his command. The excuse for this is, that, after the mule came upon the track, the distance was too short to bring the train to a full stop before striking the object; and to lessen the velocity of the train would have endangered the safety of passengers by increasing the liability of the cars to leave the track when the inevitable collision should take place.

St. Louis, Iron Mountain and Southern Railroad Company v. Hagan.

We can understand that live stock may spring upon the track so near ahead of a rapidly advancing engine that it would be useless, and might be dangerous to check up. Under such circumstances, all the momentum which the train has acquired is needed to brush aside the obstacle with as little recoil as possible. But the jury might fairly have inferred, from the engineer's own version of the matter, that proper caution had not been used. Although he saw the mule approaching the track, he did not whistle until it was actually upon the track, nor put forth any effort to slacken speed and get his train under control. This branch of the case thus falls within the rule laid down in *L. R. & Ft. Smith Ry. Co. v. Jones, 41 Ark., 157.*

The same considerations dispose of the injury to the cow, which was in fact struck by the same freight train that killed the ox. It was in daylight, and the engineer could have seen the cattle for a quarter of a mile. The engineer blew his whistle and slackened the train, but did not stop. The cattle were running along the track, and there was a trestle immediately in front of them. The jury might well have concluded that they might have been saved by the exercise of due care.

No witness saw the mare struck by the train, but she 2. SAME: was found in a thicket near the railroad with her nose bro- Stock found ken, her legs badly cut up, and her shoulder presenting the wounded near track. appearance of a car wheel having passed over it. She was down and could not get up, and the plaintiff abandoned her to the defendant's section boss, who took charge of her. A witness tracked her back to the railroad, and found horse hair, blood and other signs indicating that she had been thrown from the track. There is no explanatory testimony to rebut the statutory presumption of negligence, but it is contended that no such presumption arises unless the animal be killed outright or mortally wounded.

Our previous decisions have made no distinction in this respect between the killing and wounding of an animal. *L. R. & Ft. S. Ry. Co. v. Payne, 33 Ark., 816; Same v. Trotter, 37 Ib., 593; Same v. Henson, 39 Ib., 413.*

And the act of February 3, 1875, makes none, except that its eighth section declares the killing of stock on the track *prima facie* evidence that it was done by a train. When an animal is found wounded in the vicinity of a railroad, there must be evidence to connect its injury with the operation of the trains. But when the jury are satisfied that the injuries, from their nature and appearance, were inflicted by a passing train, the presumption of negligence attaches equally, whether those injuries be mortal or otherwise.

One ground of the motion for a new trial was, that the damages were excessive. Juries are prone to be somewhat liberal in this class of cases. But it is a matter with which we can not well interfere, when the evidence in any view of the case warrants their assessment. The only remedy for this evil is, that the circuit courts should in such cases compel the plaintiff to enter a remittitur or submit to another trial.

Affirmed.